# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN ALLEN HESSMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 3:13-mc-0042 |
| | ) |
| UNITED STATES, SIXTH CIRCUIT and | )  Judge Trauger |
| JUDGE TODD J. CAMPBELL, *et al.* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the court is plaintiff John Allen Hessmer's *pro se* civil rights complaint (ECF No. 1). The complaint is accompanied by neither the $350 filing fee, nor by an Application to Proceed in District Court Without Prepaying Fees or Costs.

The plaintiff is an inmate at Riverbend Maximum Security Institution in Nashville. On at least four prior occasions while he has been incarcerated, the plaintiff has filed an action in federal court that was dismissed either for being frivolous or for failure to state a claim.[1] A prisoner plaintiff who, while incarcerated, has on three or more previous occasions brought an action or an appeal in federal court that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted, is thereafter barred from bringing a civil action in federal court as a pauper unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his present complaint, the plaintiff does not allege that he is under imminent danger of serious physical injury. Accordingly, even if the plaintiff had submitted an application to proceed as a pauper, it would have to be denied under § 1915(g).

Ordinarily, the court would grant the plaintiff 30 days within which to remit the full filing fee of $350.00. However, because the complaint is patently without merit, the court will conduct the initial review required

---

[1] The four cases include: (1) *Hessmer v. Lowery*, No. 3:01-cv-0332 (M.D. Tenn.) (dismissed for failure to state a claim on April 8, 2001), *aff'd*, No. 01-5662 (6th Cir. Jan. 8, 2002); (2) *Hessmer v. Tennessee*, No. 3:02-cv-0520 (M.D. Tenn.) (dismissed for failure to state a claim on May 30, 2002), *aff'd*, No. 02-5749 (6th Cir. March 6, 2003); (3) *Hessmer v. Miranda*, No. 3:03-cv-1197 (M.D. Tenn.) (dismissed for failure to state a claim on December 18, 2003); and (4) *Hessmer v. Dotson*, No. 1:04-cv-1049 (W.D. Tenn.) (dismissed as frivolous on September 13, 2004).

by 28 U.S.C. § 1915A(a). This provision states that the district court must "review, . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon conducting this review, the court must dismiss the complaint or any portion thereof that is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b)(1) and (2).

In this case, the plaintiff purports to bring claims under the Seventh Amendment, 42 U.S.C. § 1983, the Federal Tort Claims Act, and "any other authority of law." He seeks damages in the sum of $1,000,000 from the United States, as well as declaratory relief from the United States against the Sixth Circuit Court of Appeals based on the appellate court's affirmance of the various dismissals of the plaintiff's claims by the judges of this district. The plaintiff specifically names as a defendant District Judge Todd Campbell. His complaint references dismissals of his various complaints by other judges within this district, including retired Judge Robert Echols, Chief Judge William J. Haynes, Jr., and the undersigned Judge Aleta A. Trauger, but it is unclear whether the plaintiff intended to name these individuals as actual defendants.

The complaint is premised entirely upon the dismissals of Hessmer's § 1983 complaints and habeas petitions dating from 2001 through 2012, and the orders from the Sixth Circuit Court of Appeals affirming those dismissals.

As an initial matter, the court finds that the complaint is subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim simply because it contains no factual information regarding in what way the plaintiff believes the dismissals of his complaints and habeas petitions violated his civil rights.

In addition, the complaint fails to state a claim against the "Sixth Circuit," because that body is not a "person" subject to liability under § 1983.

Insofar as the claim against the "Sixth Circuit" might be construed as a claim against the individual judges of the Sixth Circuit Court of Appeals in their official capacity, such a suit is, in reality, brought against the United States, as the employer of the appellate court judges. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." (alteration in original) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))). The

plaintiff also names the United States itself as a defendant. The claims against the United States and against any federal judges in their official capacity are subject to dismissal on the basis that such claims are absolutely barred by sovereign immunity. *See Cuevas v. Dep't of Homeland Sec.*, 233 F. App'x 642, 643 (9th Cir. 2007) ("Since the [United States] has not waived its sovereign immunity, the district court's dismissal of Cuevas' claims [against DHS officials sued in their official capacities] under 42 U.S.C. §§ 1983 and 1985 was proper."); *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000) ("Sovereign immunity, however, bars §§ 1985(3) and 1986 suits brought against the United States and its officers acting in their official capacity."); *Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348, 1351–52 (6th Cir. 1989) (concluding that the United States has not waived its immunity to suit under *Bivens*).

Even if the plaintiff intended to name as defendants the judges of the Sixth Circuit Court of Appeals in their individual capacity, such claims, like any such claims against individual judges of the United States District Court for the Middle District of Tennessee, are subject to dismissal based on the doctrine of judicial immunity. Under this doctrine, judges are entitled to absolute judicial immunity from suit for damages for all actions taken in their judicial capacity, unless these actions are taken in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)). The Supreme Court has determined that the importance of safeguarding a judicial officer's ability to "exercis[e] the authority vested in him [and] to act upon his own convictions, without apprehension of personal consequences to himself," outweighs the fact that "unfairness and injustice to a litigant may result on occasion" from application of the doctrine. *Mireles*, 502 U.S. at 10 (citation omitted). *See also Forrester v. White*, 484 U.S. 219, 225 (1988) (judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants" (citations omitted)). The complaint makes it clear that the plaintiff's claims against the individual judges are based solely on actions taken by the judges in their judicial capacity. The defendants are therefore all entitled to judicial immunity.

In sum, the defendants named in this complaint are entitled either to absolute sovereign immunity or absolute judicial immunity. The court also finds that the complaint is frivolous and malicious within the meaning of 28 U.S.C. § 1915A(b)(2). For all these reasons, the complaint is hereby **DISMISSED WITH PREJUDICE**.

In addition, however, pursuant to *In re Alea*, 286 F.3d 378 (6th Cir. 2002), and 28 U.S.C. § 1915(b), the Court is nonetheless required to assess the full $350.00 civil filing fee against the plaintiff. Accordingly, the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of Riverbend Maximum Security Institution to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. Should the plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows the plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

The Clerk is **DIRECTED** to assign a civil action number to this case file, and to enter a separate final judgment in the matter in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge